United States Equal Employment Opportunity Commission
Philadelphia District Office
21 S. 5ᵗʰ Street, Suite 400
Philadelphia, PA 19106
Woody Anglade
Trial Attorney

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | |
| LET'S TALK TURKEY T/A SALAD SENSATIONS & SIGANOS MANAGEMENT INC. | ) ) ) | COMPLAINT JURY TRIAL DEMAND |
| Defendants. | ) ) ) | |

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices that discriminate on the basis of sex (pregnancy), and to provide appropriate relief to Maria Every who was adversely affected by such practices. As articulated with greater particularity in paragraph 7 below, the Commission alleges that Defendant Employer, Let's Talk Turkey t/a Salad Sensations and Siganos Management, Inc. discriminated against Maria Every because of her sex (pregnancy), when Defendant determined that Ms. Every was pregnant and therefore terminated her based on her pregnant status. As a result of the discrimination, Ms. Every suffered back pay losses and emotional distress.

1

JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to § 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f) and (3), ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant, Let's Talk Turkey t/a Salad Sensations and Siganos Management, Inc.("Salad Sensations") has continuously been and is now doing business in the State of Pennsylvania and the town of King of Prussia, and has continuously had at least fifteen (15) employees.

5.      At all relevant times, Defendant Employer had continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

STATEMENT OF CLAIMS

6.      More than thirty days prior to the institution of this lawsuit, Maria Every filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

2

7.    Since at least 2005, Defendant Employer has engaged in unlawful employment practices at its King of Prussia, Pennsylvania facility, by unlawfully subjecting Charging Party Maria Every to discrimination because of her sex, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1).    These unlawful practices include, but are not limited to, the following:

(a)    In or about early 2003, Maria Every began working for Defendant's Bistro Sensations restaurant as a Cashier, in the King of Prussia Mall.  Her duties also included filling and preparing food orders.

(b)    Later that year, Defendant transferred Ms. Every to its Philly Cheesesteaks' restaurant, also in the King of Prussia Mall.

(c)    After leaving Defendant for a short period, Ms. Every returned to Bistro Sensations' in early 2004.  Ms. Every later resigned from Defendant in order to take a higher paying job to support herself and her family.

(d)    In October 2004, Defendant's District Manager, Felix Ceron, asked Ms. Every to come back to Defendant because she was a good employee.  He promised her a raise if she would return. Ms. Every accepted Ceron's offer and started working for Defendant's Salad Sensations restaurant as a Cashier, also in the King of Prussia Mall.  Upon her return, Defendant was aware that she was pregnant.

(e)    At all relevant times throughout her employment, Defendant advised her that her work was satisfactory, and she never received any criticism of her performance or discipline.

(f)    On or about January 2, 2005, Ms. Every was informed by Salad Sensations' Store Manager that she was being terminated because business was slow.

(g)    Shocked and surprised by notice of discharge, Ms. Every spoke to the District

3

Manager, Felx Ceron. Ceron initially told her that she was discharged because the store was full and business was slow. She asked him if she could be transferred to another store in the mall, as had previously been done in the past.

(h)     Ceron responded that she could no longer work for Defendant because she was pregnant, and could not lift anything heavy. Yet, none of Ms. Every's responsibilities required her to lift any heavy objects. Ceron also stated that she was being discharged because she was starting to suffer from "morning sickness" and was going to quit in a couple of months anyway, due to her pregnancy. At the time of her termination, Ms. Every was four (4) months pregnant.

(8)     The effect of the practices complained of in paragraph 7(a) through (h) above has been to deprive Maria Every of equal employment opportunities and otherwise affect her status as an employee because of her sex.

(9)     The acts complained of in paragraph 7 were intentional.

(10)    The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Maria Every as a female.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in sex discrimination and any other employment practice which discriminates on the basis of sex.

B.     Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, which eradicate the effects of its past and present unlawful employment practices.

4

C. Order Defendant Employer to institute and carry out a complaint procedure which encourages employees to come forward with complaints regarding violations of its policies against discrimination, harassment and retaliation.

D. Order Defendant Employer to institute and carry out a training program which shall promote supervisor accountability imposing on all managers and supervisory personnel a duty to actively monitor their work areas to ensure compliance with policies on non-discrimination; and requiring all managers and supervisors to report any incidents and/or complaints of discrimination of which they become aware to the department charged with handling such complaints.

E. Order Defendant Employer to make whole Maria Every by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

F. Order Defendant Employer to make whole Maria Every by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7, 8, 9 and 10 above, including but not limited to out-of-pocket losses in amounts to be determined at trial.

G. Order Defendant Employer to make whole Maria Every by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 7, 8, 9 and 10 above, including pain and suffering, humiliation, embarrassment, and loss of life's pleasures, in amounts to be determined at trial.

H. Order Defendant Employer to pay Maria Every punitive damages for its malicious and reckless conduct described in paragraphs 7, 8, 9 and 10 above, in amounts to be determined at trial.

5

I.      Grant such further relief as the Court deems necessary and proper in the public

interest.

J.      Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1801 L. Street, NW
Washington, DC 20507

JACQUELINE H. MCNAIR
Regional Attorney

JUDITH A. O'BOYLE
Supervisory Trial Attorney

WOODY ANGLADE
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Philadelphia District Office
The Bourse Building
21 S. 5th Street, Suite 400
Philadelphia, PA 19106
Telephone (215) 440-2814

7